**Saiyasi LOVOLEVU, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 13–70802.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 17, 2015.*

Filed Feb. 24, 2015.

Jeff Griffiths, Law Office of Jeff Griffiths, San Francisco, CA, for Petitioner.

Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, Kathryn McKinney, Oil, Ann M. Welhaf, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, for Respondent.

Before: O'SCANNLAIN, LEAVY, and FERNANDEZ, Circuit Judges.

---

* See Fed. R.App. P. 34(a)(2).

MEMORANDUM \*\*

Saiyasi Lovolevu, a native and citizen of Fiji, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184–85 (9th Cir.2006). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review Lovolevu's contention that he is at risk of harm in Fiji based on applying for asylum in the United States because he failed to raise this claim to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677–78 (9th Cir. 2004).

Substantial evidence supports the agency's determination that Lovolevu failed to establish past persecution because his mistreatment by the military did not rise to the level of persecution. *See Gu v. Gonzales*, 454 F.3d 1014, 1019–21 (9th Cir. 2006) (evidence did not compel a contrary result). Substantial evidence also supports the agency's finding that Lovolevu did not establish an objectively well-founded fear of persecution by the Fijian government. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir.2003) (possibility of future persecution was "too speculative"). Thus, Lovolevu's asylum claim fails.

Because Lovolevu failed to meet the lower standard of proof for asylum, his claim for withholding of removal necessarily fails. *See Zehatye*, 453 F.3d at 1190.

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Finally, substantial evidence supports the agency's denial of CAT relief because Lovolevu failed to establish it is more likely than not that he will be tortured if returned to Fiji. *See Singh v. Gonzales*, 439 F.3d 1100, 1113 (9th Cir.2006) (evidence did not compel finding of a likelihood of torture).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**